IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT TANSEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-03289-N (BF) |
| | § | |
| CITY OF KELLER, TEXAS, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case was referred to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b). Before the Court is Defendant City of Keller's Motion & Brief to Transfer Venue to the Fort Worth Division of the Northern District of Texas (doc. 10, "Motion to Transfer Venue"), filed on February 14, 2012. Plaintiff filed a timely response, Motion to Keep Case in Dallas Division ("Response"), and Defendant filed a timely reply. For the following reasons, the Court recommends that the District Court **GRANT** Defendant's Motion to Transfer Venue, and transfer this case to the Fort Worth Division of the Northern District of Texas.

### Background

Although Plaintiff is currently a resident of the City of Carrollton, Denton County, Texas, at all times relevant to this lawsuit, Plaintiff was a resident of the City of Keller, Tarrant County, Texas. (Pl.'s Second Am. Compl. at ¶ 1.1.) Specifically, Plaintiff resided at 1431 Limerick Court in the City of Keller, Texas. (*Id.* at ¶ 3.1.) Defendant City of Keller ("Defendant") is a city situated entirely in Tarrant County, Texas. (*See* Def.'s Mot to Transfer Venue, App. 2-3.) Tarrant County is in the Fort Worth Division of the Northern District of Texas. 28 U.S.C. § 124(a)(2). Denton County is in the Sherman Division of the Eastern District of Texas. 28 U.S.C. §

124(c)(3). Plaintiff brought this lawsuit pursuant to 42 U.S.C. § 1983 alleging various violations of his civil rights. Specifically, he claims that Defendant violated his Fourth Amendment, Fifth Amendment, and Fourteenth Amendment rights. (Pl.'s Second Am. Compl. at ¶¶ 4.2-5.2.)

## Standard of Review

Federal law governing the venue in which an action may be brought provides, in pertinent part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Congress has recognized that substantial advantages may be gained by having a case resolved in the court located nearest the site of the underlying controversy. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 497 (1973). The terms of 28 U.S.C. § 1404(a) provide that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A court may transfer a case upon a motion or *sua sponte*. *See* 28 U.S.C. §§ 1404, 1406. The court has broad discretion in deciding whether to order a transfer. *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987); *accord Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989). The movant has the burden to establish why the forum should be changed. *Barton v. Young,* 144 F.Supp.2d 685, 687 (E.D. Tex. 2001). First and foremost, the movant must demonstrate that venue is proper in the proposed district. *Id.*

In determining the most convenient forum, a district court must balance the convenience of the litigants with the public interest in the fair and efficient administration of justice. *Id.* at 687-88. The convenience factors include: (1) the plaintiff's choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the location of counsel; (5) the costs of obtaining the attendance of witnesses and the availability of compulsory process; (6) the accessibility and location of sources of proof; and (7) the possibility of delay and prejudice if transfer is granted. *Id.* at 688. The public interest factors are: (1) the administrative difficulties caused by court congestion; (2) the local interests in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.* at 688-89.

## Analysis

Defendant seeks to transfer venue to the Forth Worth Division of the Northern District of Texas. Venue is proper in this district as all of the events giving rise to this lawsuit occurred in the City of Keller, Tarrant County, Texas, which is in the Forth Worth Division of the Northern District of Texas. *See* 28 U.S.C. § 1391(b). The Court will now turn to the convenience and public interest factors.

**Convenience Factors**

The only convenience factor that weighs in plaintiff's favor is his choice of forum. The convenience of the parties and material witnesses weighs in favor of transfer because all of the witnesses, many of whom are former neighbors of Plaintiff, live in the City of Keller, Texas. Furthermore, Plaintiff makes reference to the City of Keller Library numerous times in his Second Amended Complaint ("Complaint"), and thus, any librarian who may be called as a

3

witness would be located in the City of Keller, Texas. Finally, the Keller Police Department and the Keller City Mayor and administration personnel are all located in the City of Keller, Texas.

The place of the alleged wrong was clearly in the City of Keller, Texas. Plaintiff alleges search and seizure violations at his home on 1431 Limerick Court, City of Keller, Texas. Furthermore, Plaintiff may allege some wrongdoing at the library, which is also located in the City of Keller. Plaintiff also mentions the Keller Kroger grocery store in his Complaint, which is also located in the City of Keller, Texas. The costs of obtaining the attendance of witnesses and the accessibility and location of sources of proof clearly weigh in favor of transfer to the Fort Worth Division, as all the witnesses and sources of proof are located in the City of Keller, Texas.

The location of counsel weighs in favor of transfer as well. Defendant's counsel is located in Arlington, a city in Tarrant County, Texas. Plaintiff is proceeding *pro se* and currently resides in Denton County, Texas. Denton County is adjacent to Tarrant County and Dallas County, thus both districts may be similarly accessible to Plaintiff. However, the Fort Worth Division is more convenient for Defendant's counsel. Finally, because this case is still in its early stages, there is little chance that a transfer of venue will result in delay or prejudice to Plaintiff. *See Barton,* 144 F.Supp.2d at 688.

In his Response, Plaintiff's only reason for wanting the case to remain in the Dallas Division is that he believes he will receive a fair trial and an impartial jury if the case is tried in the Dallas Division as opposed to the Fort Worth Division. (*See* Pl.'s Resp. at 1.) Generally, the plaintiff's choice of forum carries substantial weight in deciding a motion to transfer venue. *See Schexnider v. McDermott Intern., Inc.*, 817 F.2d 1159, 1163 (5th Cir. 1987). However, the Fifth Circuit has held that if a plaintiff does not reside in the chosen forum and none of the operative

facts occurred in the chosen forum, a plaintiff's choice of forum is afforded less deference. *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966).

Here, none of the operative facts or events involved in this lawsuit occurred in Plaintiff's choice of forum, the Dallas Division. Furthermore, Plaintiff does not reside in the Dallas Division, nor do any of the witnesses. Plaintiff's choice of forum is not entitled to greater weight than any of the other convenience factors. *See Time, Inc.,* 366 F.2d at 698. Therefore, the convenience factors weigh in favor of transfer to the Fort Worth Division of the Northern District of Texas.

**Public Interest Factors**

The administrative difficulties caused by court congestion weighs in favor of transfer to the Fort Worth Division, as the Dallas Division has a sufficient amount of its own cases, and thus, does not need to handle a case that properly belongs in the Fort Worth Division. The local interests in adjudicating local disputes also weighs in favor of transfer. Since all of the events involved in this lawsuit, and all of the witnesses and interested persons, are located in the Fort Worth Division, that division has more interest in adjudicating this lawsuit than the Dallas Division, which has absolutely no interest in the lawsuit. The unfairness of burdening citizens in an unrelated forum with jury duty also weighs in favor of transfer. As previously stated, this lawsuit has no connection to the Dallas Division, and thus, it would be unfair to burden the citizens of the Dallas Division with jury duty. The last factor regarding conflict of laws is neutral, as it will not be an issue in the transfer from the Dallas Division to the Fort Worth Division.

In sum, all of the convenience and public interest factors, except the plaintiff's choice of

5

forum, weigh in favor of transferring this case to the Fort Worth Division. Since Plaintiff's choice of forum is not entitled to greater weight than the other factors, this Court finds that Defendant has met its burden of demonstrating that the forum should be changed. Thus, the Court recommends that the case be transferred to the Fort Worth Division.

### Recommendation

For the foregoing reasons, the Court recommends that the District Court **GRANT** Defendant's Motion to Transfer Venue (doc. 10) and transfer this case to the Fort Worth Division of the Northern District of Texas.

Additionally, before the Court is Defendant City of Keller's Motion & Brief to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) (doc 18, "Motion to Dismiss"), filed on March 1, 2012. The Court recommends the Motion to Dismiss be **DENIED AS MOOT**.

Finally, the Clerk of the Court should be instructed to term Plaintiff's Motion to Deny Dismissal of Case (doc. 16), filed on February 23, 2012, as this document is not a motion, but instead a response to Defendant's Motion to Dismiss. Similarly, the Clerk of the Court should be instructed to term Plaintiff's Motion to Keep Case in Dallas Division (doc. 17), filed on February 23, 2012, as the Court utilized this document as Plaintiff's response to Defendant's Motion to Transfer Venue.

SO RECOMMENDED, May 21, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).